# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARD,<br><br>                  Plaintiff,<br><br>    v.<br><br>B. SUMMERS,<br><br>                  Defendant. | Case No. 1:19-cv-00050-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIOS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 12)<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff Melvin Ward ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. On May 5, 2019, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 11.) Plaintiff's first amended complaint, filed on June 6, 2019, is currently before the Court for screening. (ECF No. 12.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at the California Medical Facility in Vacaville, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at Avenal State Prison. Plaintiff names the following defendants: (1) Lieutenant B. Summers; (2) Sergeant C. Brown: (3) Lieutenant M. Contreras; (4) Lieutenant R. P. Murgallis; and (5) Psychologist Mary Crawley.

Plaintiff alleges that at March 11, 2010, he engaged in a therapy session with Dr. Crawley. Dr. Crawley was keeping notes as Plaintiff spoke. At the end of the session, Dr. Crawley gave no indication that Plaintiff had said anything harmful or threatening to anyone. Plaintiff was allowed to go back to his housing unit without mention until March 12, 2010.

On March 12, 2010, Plaintiff was taken to Ad-Seg for an alleged threat to Sergeant J. Lucas. According to Dr. Crawley's documentation, she had issued several duty-to-warn chronos on March 12, 2010. One of the chronos referenced the notes she was taking while in the session with Plaintiff, but the other document did not. The documents were not given to Plaintiff by the disciplinary administrator. He had to obtain them through a medical request. Plaintiff learned that Dr. Crawley

1 was not participating in the disciplinary write-up. Instead, Sergeant Brown, whom Plaintiff had never met, wrote Plaintiff a disciplinary 115. Sergeant Brown did so through a "confidential informancy." (ECF No. 12 at 4.)

Plaintiff did not receive the incident report, which allegedly was fabricated by Lieutenant Contreras, who interviewed Dr. Crawley and J. Lucas. When Plaintiff attended his first disciplinary hearing, which was heard by Lieutenant Murgallis, all charges were to be dropped because Plaintiff did not have the incident report, duty-to-warn chrono or reporting employee. Plaintiff began screaming until they took him out and Lieutenant Murgallis found Plaintiff guilty in absentia.

Plaintiff appealed, and the matter was reissued and reheard. By this time, Plaintiff had all the paperwork needed to stop Lieutenant Summers from finding him guilty. Plaintiff produced the notes of the therapy session, which had no threat in them. However, Lieutenant Summers still found Plaintiff guilty out of spite.

Plaintiff further alleges that Sergeant Brown knew he did not have the authority to report the confidential information and that it was up to Dr. Crawley to report the inmate and write him up will all the evidence. All Dr. Crawley had done was her duty to warn. Lieutenant Contreras was put in a position to write the incident report, to which he showed no viable evidence. He only had statements from one person that Plaintiff said nothing to and one person who accused Plaintiff of a crime with no corroboration. Lieutenant Murgallis reportedly failed to drop the false charges after Plaintiff identified the reasons for dismissal. Plaintiff further contends that Lieutenant Summers had proof that there was no corroboration in Dr. Crawley's statements.

As relief, Plaintiff would like compensation for the years that he had to endure the false accusations.

**III.    Discussion**

**A.    Time-Barred Claims**

As with his original complaint, Plaintiff's amended complaint appears to allege time-barred federal claims. Section 1983 contains no specific statute of limitations. Therefore, federal courts apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004); Fink v. Shedler,

192 F.3d 911, 914 (9th Cir. 1999). California's statute of limitations for personal injury actions is two years. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954−55.

Federal law determines when a civil rights claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado, 370 F.3d at 955; Fink, 192 F.3d at 914.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations found in state law. Jones, 393 F.3d at 927. Under California law, the two-year statute of limitations is tolled during the time a prisoner pursues his administrative remedies and is potentially tolled up to an additional two years if Plaintiff is incarcerated for a term of less than life. Douglas, 567 F.3d at 1109 ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

California law also provides for equitable tolling of the statute of limitations where a plaintiff meets three conditions: "(1) defendant must have had timely notice of the claim; (2) defendant must not be prejudiced by being required to defend the otherwise barred claim; and (3) plaintiff's conduct must have been reasonable and in good faith." Fink, 192 F.3d at 916 (citation and quotation marks omitted); see also Addison v. State of California, 21 Cal.3d 313, 319 (1978) (citations omitted).

According to the amended complaint, Plaintiff's federal claims are time barred. At a minimum, the events complained of occurred in 2010. Although Plaintiff omitted from his amended complaint Defendant Summers' guilty finding and the Rules Violation Report hearing decision provided to Plaintiff on September 8, 2010, the Court takes judicial notice of these

4

documents filed with the Court.[1] (See ECF No. 1 at 9-14.) Plaintiff's claims accrued on the date he received the guilty finding and Rules Violation Report. Based on the allegations in the complaint and documents in the record, it is apparent that Plaintiff knew then of the injury that was the basis of his claims. Assuming that Plaintiff was entitled to an additional two years to file his claim due to his incarceration, Plaintiff must have initiated this action no later than September 8, 2014. However, the original complaint was signed on December 26, 2018, and was filed on the Court's docket on January 2, 2019. Plaintiff makes no allegations to demonstrate that any equitable tolling should apply or to explain the approximate four-year delay in bringing this action. Accordingly, the Court finds that Plaintiff's federal claims are time barred and should be dismissed.

### B. Fourteenth Amendment – Due Process

To the extent Plaintiff is attempting to pursue a claim for violation of the Fourteenth Amendment related to his disciplinary proceedings, Plaintiff's complaint fails to state a cognizable claim. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, inmates do not have any due process right to be free from false disciplinary charges. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (inmates have "no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest," provided that they are "not...deprived of a protected liberty interest without due process of law."); Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989) ("Sprouse's claims based on the falsity of the charges and the impropriety of Babcock's involvement in the grievance procedure, standing alone, do not state constitutional claims."). Accordingly, any assertion by Plaintiff that the charges against him were false, without more, fails to state a cognizable claim.

To the extent Plaintiff is challenging the fairness of the disciplinary proceedings, he also fails to state a claim. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff, 418 U.S. at 556. With respect to prison disciplinary proceedings, the minimum procedural requirements that

---

[1] The Court may properly take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, LLC, 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. If the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir.1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115. Here, Plaintiff's amended complaint fails to include any factual allegations to suggest that he was denied any of the Wolff procedural requirements relative to the second disciplinary hearing. Any procedural or due process issues with respect to the first hearing were cured by the re-issuance and re-hearing of the disciplinary charges against him.

Plaintiff's complaint also appears to allege a lack of evidence to support the guilty finding by Defendant Summers and resulting forfeiture of credits. Due process in the revocation of good time credits is satisfied if the findings of the prison disciplinary board are supported by "some evidence" in the record. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). The "some evidence" standard is "minimally stringent" and "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (quoting Hill, 472 U.S. at 455-56) (emphasis in original). Nevertheless, there "must be some indicia of reliability of the information that forms the basis for prison disciplinary actions." Id.

According to exhibits attached to the amended complaint, the alleged threats were supported by an incident report authored by Dr. Crawley in March 2010. According to Dr. Crawley, Plaintiff threated staff and asserted that he would kill Sergeant Lucas if he got the chance. (ECF No. 12 at 10.) The Rules Violation Report and guilty finding previously filed with the Court reflect that the guilty finding was based on Dr. Crawley's duty-to-warn chrono in which Dr. Crawley reported that Plaintiff threatened staff and asserted that he would kill Sergeant Lucas if he got the chance. (ECF No. 1 at 13.) Thus, the disciplinary hearing's findings were supported by "some evidence," and

Plaintiff's allegations fail to state a due process claim.

**IV.     Conclusion and Recommendation**

For the reasons stated, Plaintiff's amended complaint is time-barred and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed as time-barred and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 2, 2019**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE