# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARD,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUMMERS,<br><br>　　　　　　　Defendant. | Case No. 1:19-cv-00050-AWI-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>(ECF No. 13) |

Plaintiff Melvin Ward ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 3, 2019, the Magistrate Judge issued findings and a recommendation recommending dismissal of this action as time-barred and for failure to state a cognizable claim upon which relief may be granted. (ECF No. 13.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (Id. at 7.) Plaintiff timely filed objections on July 17, 2019. (ECF No. 14.)

With respect to the Magistrate Judge's recommendation of dismissal of this action as time-barred, Plaintiff argues in his objections that he was in a state of mental crisis due to this case, and that he tried to exhaust his appeals at both the state and federal levels to no avail.

1

Plaintiff contends that he was under psychiatric care at the time of this case and did not know how to defend himself at the time, had stopped taking all medication until he became manic and had to be put on forced medication. Plaintiff states that he is just now feeling better about what to do with his situation. (ECF No. 14, p. 5.)

The Court finds this argument unpersuasive. Plaintiff essentially argues that, due to his mental health, he was unable to litigate this claim prior to filing a complaint in this action. However, the Court takes judicial notice that Plaintiff has filed four other actions, two as petitions for habeas corpus relief and two as civil rights actions pursuant to 42 U.S.C. § 1983, regarding the exact facts at issue in this case.[1] The Court notes in particular that the earliest action was filed on August 21, 2013, well within the applicable statute of limitations for the filing of a section 1983 complaint. Furthermore, Plaintiff's later section 1983 actions, including the instant case, were filed mere weeks after the dismissal of each prior case regarding the same facts at issue. Compare Ward v. Crawley (dismissed on March 2, 2018) and Ward v. Lucas (filed March 23, 2018 and dismissed December 18, 2018) with (ECF No. 1) (filed January 2, 2019). It is apparent to the Court that Plaintiff clearly understood his situation prior to filing the instant action, despite any mental health treatment he was receiving at the time, and has repeatedly filed suit in this Court in an attempt to recover on the same claims that have already been dismissed on multiple occasions. Plaintiff has otherwise presented no allegations to demonstrate that any equitable tolling should apply to this action.

Plaintiff's remaining objections regarding the sufficiency of evidence used during his first and second RVR hearing are unavailing. These objections merely repeat arguments fully

---

[1] The Court may properly take judicial notice of court filings and other matters of public record. Reyn's Pasta Bella, LLC v. Visa USA, LLC, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court takes judicial notice of the following United States District Court cases: (1) Ward v. Duffy, Case No. 1:13-cv-01367-SKO (E.D. Cal.) (habeas corpus petition filed August 21, 2013 and denied September 14, 2015); (2) Ward v. Fox, Case No. 1:16-cv-00836-DAD-JLT (E.D. Cal.) (habeas corpus petition filed June 16, 2016 and dismissed September 14, 2016 as a successive petition); (3) Ward v. Crawley, Case No. 1:17-cv-01740-AWI-SAB (E.D. Cal.) (section 1983 action filed December 22, 2017, and dismissed March 2, 2018 for failure to state a cognizable claim for relief); and (4) Ward v. Lucas, Case No. 1:18-cv-00396-AWI-SAB (E.D. Cal.) (section 1983 action filed March 23, 2018 and dismissed December 18, 2018 for failure to state a cognizable claim).

addressed in the findings and recommendations.[2]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case, including Plaintiff's objections. None of Plaintiff's objections provide a legal basis on which to question the Magistrate Judge's findings and recommendations. Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on July 3, 2019, (ECF No. 13), are adopted in full;
2. This action is dismissed, with prejudice, as time-barred and for failure to state a cognizable claim upon which relief may be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 13, 2019                          _____
                                                    SENIOR DISTRICT JUDGE

---

[2] The Court further notes that, while not discussed in the Magistrate Judge's findings and recommendations, this action is likely also subject to dismissal pursuant to the doctrine of *res judicata*. See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).